**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Benjamin Newman, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robyn Schmalenberger, | ) | Case No. 1:13-cv-160 |
| | ) | |
| Respondent. | ) | |

On December 26, 2013, the petitioner, Benjamin Newman ("Newman"), filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. On January 7, 2014, he filed a notice of consent to the undersigned's exercise of jurisdiction over this matter. (Docket No. 5). For the reasons set forth below, the undersigned orders that the petition be dismissed without prejudice for lack of jurisdiction.

**I.     BACKGROUND**

Newman filed a petition for habeas corpus relief with this court in July 2009. See Newman v. Redmann, District Court Case No. 3:09-cv-063. The court denied the petition. The Eighth Circuit denied his subsequent appeal.

Newman filed a second petition for habeas corpus in September 2011. Newman v. Redman, District Court Case No. 3:11-cv-085. The court denied the petition without prejudice for lack of jurisdiction.

On December 26, 2013, Benjamin filed the habeas petition now before the court, asserting the same grounds for relief that he raised in his previous two petitions. On January 17, 2014, he filed what the court construes as a supplement to his petition where in he appears to reiterate or

otherwise elaborate on the claims set forth in his petition. He also makes a reference to "Rule 10.1(d) Rule of Conduct in Court at Trial or Direct Appeal." (Docket No. 6).[1]

## II. DISCUSSION

Before requiring the respondent to file a response to the present petition, the court must satisfy itself that the present petition does not constitute a "second or successive" petition within the meaning of Antiterrorism and Effective Death Penalty Act ("AEDPA"). This is because AEDPA imposes the following restrictions on the consideration of "second or successive" petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-3(A); see also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2244 requires dismissal of a second or successive petition unless the claim raised asserts

---

[1] Notably, Newman asserted a claim regarding 10.1(d) of the North Dakota Rules of Court in his previous petitions. See Newman v. Redman, District Court Case No. 3:11-cv-085

a new rule of constitutional law or raises new facts that establish a petitioner's innocence of the underlying offense.").

One reading of § 2244(b)(1)-(3) is that any time there is a second petition for habeas relief that its provisions apply, including the requirement for obtaining circuit court permission before the district court can entertain the petition. However, the Eight Circuit, along with a number of other circuit courts have held that pre-AEDPA abuse-of-writs principles should be considered in interpreting AEDPA's provisions because of AEDPA's failure to define more precisely what constitutes a "second or successive" petition. Crouch v. Norris, 251 F.3d 720, 723-725 (8th Cir. 2001); Vancleave v. Norris, 150 F.3d 926, 927-28 & n.2 (8th Cir. 1998); see generally Benchoff v. Colleran, 404 F.3d 812, 815-17 (3d Cir. 2005). Applying these principles, a habeas petition will generally be considered "second or successive" (thereby requiring circuit court permission under § 2244(b)(3)(A)) if the claims were presented or could have been presented in an earlier petition that has been denied on the merits, but generally will not be considered "second or successive" (and not requiring circuit court permission) when the prior petition has been dismissed without prejudice for non-merit reasons (failure to exhaust state remedies, failure to comply with technical requirements, rejection of the petition because it is unintelligible, etc.) or when the claim could not have been inclined in the prior petition because the challenged conduct had not yet occurred. See Crouch v. Norris, 251 F.3d at 723-725; Vancleave v. Norris, 150 F.3d at 927-28 & n.2; see also Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996).

Newman has now filed three habeas petitions with this court. The first petition was dismissed on the merits. The second petition was dismissed without prejudice on the grounds that it constituted a second or successive petition. As Newman has not obtained preauthorization for

3

filing the instant petition, it too must be dismissed without prejudice for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (concluding that a district court lacks jurisdiction to consider a successive petition filed without authorization from the appropriate court of appeals).

### III. CONCLUSION

Newman's petition for habeas relief (Docket No. 2) is **DISMISSED** without prejudice. Based upon the entire record before the court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)). If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability from the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 21st day of January, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court